IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

SHAWN DURBIN,

    Plaintiff,

v.                                       CIVIL ACTION NO. 5:18-CV-211
                                          (BAILEY)

NATIONWIDE MUTUAL INSURANCE
COMPANY and JOHN DOES,

    Defendants.

## ORDER GRANTING DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS

Currently pending before this Court is Defendant Nationwide Mutual Insurance Company's Motion to Dismiss [Doc. 4], which was filed on January 7, 2019. The Motion has been fully briefed and is ripe for decision. For the reasons that follow, the Motion will be **GRANTED**.

### I. Factual and Procedural History

Plaintiff filed his Complaint in the Circuit Court of Brooke County, West Virginia on November 30, 2018 [Doc. 1-4]. Defendant Nationwide Mutual Insurance Company ("Nationwide") subsequently removed this matter to this Court on December 20, 2018, on the basis of diversity jurisdiction [Doc. 1].

The Complaint alleges the following causes of action against Nationwide: Common Law Claim Misconduct (Count IV); Unfair Trade Practices Act (Count V); Breach of Contract (Count IV (sic)); and Breach of the Implied Covenant of Good Faith and Fair

1

Dealing (Count V). [Doc. 1-2 at ¶¶ 57-61, 62-76, 77-79, 80-82]. Plaintiff also asserts a claim for Punitive Damages in Count VI.[1]

The Complaint stems from an underlying motor vehicle accident which occurred on September 12, 2013, with a John Doe who fled the scene of the accident [Doc. 1-1 at ¶ 11]. Defendant Nationwide had previously issued an insurance policy to plaintiff that provided uninsured motorist coverage benefits in the amount of $100,000 per person and $300,000 per occurrence (Id. at ¶ 22). After the accident, plaintiff filed an uninsured motorist claim with Nationwide (Id. at ¶ 39). Plaintiff asserts his first-party claim for uninsured motorists bodily injury benefits did not settle in a timely manner (Id. at ¶ 43). The parties eventually settled the underlying action on November 30, 2017, for $70,000 (Id.). Plaintiff asserts he was legally entitled to compensation up to the per person coverage limit for uninsured motorist bodily injury under the Nationwide Policy (Id. at ¶ 32). As part of the consideration, the plaintiff executed a Release in Full on December 17, 2017. The Release [Doc. 4-1] terms provide:

**NOW, THEREFORE**, in consideration for the resolution of the matters set forth in the recitals to this release, plaintiff hereby executes the following agreement:

[. . .]

2. **The Release**

Plaintiff shall and, by the execution of this document does, release and discharge Defendant insurance carrier, from any past, present, or future known or unknown

---

[1] Under West Virginia law, a separate cause of action for punitive damages does not exist. **Cook v. Heck's Inc.**, 176 W.Va. 368, 376, 342 S.E.2d 453, 461 n.3 (1986). Accordingly, Count VI must be **DISMISSED**.

suspected or unsuspected, claims, obligations, rights, damages, costs and liens whether based in tort, contract, equity, or any other principles of law or equity and whether for the recovery or reimbursement of compensatory, general, special, or any other kind of damages that Plaintiff has had, presently has, or may have arising out of or relating in any manner to (i) the Civil Action; (ii) the subject matters that were set forth, or could have been set forth, in the complaint commencing the Civil Action or in any other pleading that was or could have been filed in the Civil Action; (iii) the Claims; (iv) the Accident; and (v) any of the matters set forth in the recitals to this release (collectively the "Released Matters"), noting however, the specific exclusion and reservation set forth above preserving extra contractual claims, including but not limited to violations of the Unfair Trade Practices Act, Unfair Claim Settlement Practices Act, Substantially Prevail Claims, First Party Bad Faith Claims or other derivative claims which Shaw (sic) Durbin, may or may not be entitled to as a matter of law.

## II. Legal Standard

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.' **Bell Atl. Corp. v. Twombly**, 127 S. Ct. 1955, 1974 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id*. at 1964-65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 1974.

This Court is well aware that "[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396-97.

### III.  Discussion

**A.    Breach of Contract and Breach of the Implied Duty of Good Faith and Fair Dealing**

Defendant Nationwide asserts that the plaintiff is barred from bringing a breach of contract claim because plaintiff has agreed to release his contract claims in the Release. This Court agrees. The Release states, in pertinent part:

Plaintiff shall and, by the execution of this document does, release and

4

discharge Defendant insurance carrier, from any past, present, or future known or unknown suspected or unsuspected, claims, obligations, rights, damages, costs and liens whether based in tort, contract, equity, or any other principles of law or equity and whether for the recovery or reimbursement of compensatory, general, special, or any other kind of damages that Plaintiff has had, presently has, or may have arising out of or relating in any manner to (i) the Civil Action; (ii) the subject matters that were set forth, or could have been set forth, in the complaint commencing the Civil Action or in any other pleading that was or could have been filed in the Civil Action; (iii) the Claims; (iv) the Accident; and (v) any of the matters set forth in the recitals to this release (collectively the "Released Matters") . . ..

[Doc. 4-1]. It is clear to this Court that the contractual claims were released. Accordingly, the Breach of Contract claim is **DISMISSED**.

In West Virginia, a claim for a breach of the covenant of good faith and fair dealing is not a cognizable claim. Rather, it is part of a claim for breach of contract. ***Highmark W. Va., Inc. v. Jamie***, 221 W.Va. 487, 655 S.E.2d 509, 514 (2007); ***Weber v. Wells Fargo Bank, N.A.***, 2014 WL 198661, at * 4 (N.D. W.Va. Jan. 15, 2014) ("a stand-alone bad faith claim . . . is not recognized in West Virginia"). West Virginia law implies a covenant of good faith and fair dealing in every contract, but not as a stand-alone cause of action separate from a breach of contract claim. ***Corder v. Countrywide Home Loans, Inc.***, 2011 WL 289343, *4 (S.D. W.Va. Jan 26, 2011) (Copenhaver, J.). A claim for breach of the implied covenant of good faith and fair dealing can only survive if the borrower pleads

5

an express breach of contract claim. See **Clendenin v. Wells Fargo Bank, N.A.**, 2009 WL 4263506, *5 (S.D. W.Va. Nov. 24, 2009) (Goodwin, J.) (holding that a bad faith claim "will live or die by the [express] breach-of-contract claim . . ..").

Here, plaintiff has asserted a claim for breach of contract. As such, plaintiff may argue the breach of implied duty of good faith and fair dealing as a basis for recovery, but not as a stand-alone cause of action separate from a breach of contract claim. **Corder**, 2011 WL 289343, *4. Having previously found the breach of contract claim cannot survive, however, this claim is likewise **DISMISSED**.

### B. Plaintiff's Extra-Contractual Claims are Barred by the Statute of Limitations

The parties agree that a one-year statute of limitations applies to bad faith claims. Their disagreement hinges on when the claim accrued. While normally the statute of limitations is a highly fact-intensive issue precluding its application on a motion to dismiss, Courts may dismiss claims based on a statute of limitations defense when the face of the Complaint shows the limitations period has run. **Dean v. Pilgrim's Pride Corp.**, 395 F.3d 471, 474 (4th Cir. 2005).

Defendant, relying on **Noland v. Va. Ins. Reciprocal**, 224 W.Va. 372, 686 S.E.2d 23 (2009), asserts the statute of limitations begins to run when the insured knows or reasonably should have known that he had extra-contractual claims against his insurer. Plaintiff, relying on **Klettner v. State Farm Mut. Automobile Ins. Co.**, 205 W.Va. 587, 519 S.E.2d 870 (1999), argues the limitations period "does not begin to run until the appeal period has expired on the underlying cause of action upon which the statutory claim is predicated."

6

Plaintiff argues that *Klettner* should be extended to cases involving first-party bad faith claims premised upon unfair settlement practices, citing the rationale in *Klettner* regarding (1) the need for a final determination of the underlying claims and/or causes of action before one can proceed with a bad faith case for unfair settlement practices and (2) a desire to refrain from injecting of insurance into third-party liability cases. In *Noland*, however, the Court highlighted "[t]he most instructive language in *Klettner* as to the limitations to be placed on its holding on the issue of the statute of limitations is contained in footnote 11 of the opinion, where [it] observed:

> In *Light v. Allstate Insurance Co.*, 203 W.Va. 27, 506 S.E.2d 64 (1998), we recently discussed the "clear distinction between a first-party and a third-party bad faith claim." *Id*. at 34, 506 S.E.2d at 71. Given the fact that an insurer is the named defendant in the bad faith claim as well as underlying tort action in a first-party action, we stated that the insurance mentioning concern that has historically been part of the basis for delaying third-party bad faith claims until the underlying claim is resolved does not come into play in a first-party claim. Because the instant case is a third-party claim, our discussion in *Light* concerning this distinction is of no relevance to the decision in this case.

*Klettner*, 205 W.Va. at 593 n. 11, 519 S.E.2d at 876 n. 11. The *Noland* Court then stressed that "[i]t is clear to this Court that footnote 11 in *Klettner* was an implicit recognition that our holding in that case was limited to third-party bad faith cases." *Id*. at 385-86. In reaching its conclusion that *Klettner* should not extend to a first-party bad faith

7

claim, the **Noland** Court held that "the justification for the rule in **Klettner** simply does not apply in the context of a first-party bad faith claim." *Id*. at 388-89.

This Court also finds it instructive that the **Light** Court noted "[s]ince our decision in **[State ex rel. State Farm Fire & Casualty Co. v.] Madden**, [192 W.Va. 155, S.E.2d 721 (1994)], it has been assumed that joinder of bad faith claims is proper in . . . first-party causes of action against insurers." 203 W.Va. 27 n. 10. Further, the Court found it important to clarify in **Light** that "[w]e make explicit today that . . . **Madden** has overruled the language in **Thompson [v. West Virginia Essential Property Ins. Ass'n**, 186 W.Va. 84, 411 S.E.2d 27 (1991)], and any other decision by this Court suggesting a bad faith claim against an insurer cannot be initiated until the underlying action has been resolved." *Id*.

This Court finds the plaintiff was aware of his extra-contractual rights as of November 17, 2017. On that day, plaintiff's counsel sent the defendant a letter [Doc. 4-3 at 1], wherein he states: "[e]nclosed for your review and consideration is a draft of the plaintiff's Motion to Amend and a copy of the proposed Amended Complaint attached thereto as Exhibit A. The Plaintiff intends to file the same in the event that this matter does not resolve before November 30, 2017." The proposed Amended Complaint asserted, *inter alia*, claims for first party bad faith and unfair claim settlement practices. Id. at 7-32. The underlying matter did settle; thus, the Amended Complaint was not filed. Because the instant Complaint to pursue the extra-contractual claims was not filed until November 30, 2018, and the claims accrued at the latest on November 17, 2017, it is clear that these claims are barred by the applicable one year statute of limitations.

## IV. Conclusion

Upon consideration of the above, Defendant Nationwide Mutual Insurance Company's Motion to Dismiss **[Doc. 4]** is **GRANTED**. Accordingly, this matter is hereby **DISMISSED** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter judgment in favor of the defendants. As a final matter, the Joint Motion to Stay Deadlines and Enlarge Scheduling Order **[Doc. 13]** is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** April 9, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE